**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**William T. FISCHER, Defendant—**
**Appellant.**

No. 06–30541.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2007 *.

Filed Nov. 5, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Ed Zink, Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David A. Duke, Esq., Law Office of David A. Duke, Billings, MT, for Defendant–Appellant.

Before: CUDAHY **, REINHARDT, and PAEZ, Circuit Judges.

### MEMORANDUM ***

William T. Fischer appeals the 120–month sentence imposed by the district court following his guilty plea to possession of a firearm by an unlawful user and addict of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Fischer first argues that the district court erred in determining that his prior burglary conviction was a crime of violence under U.S.S.G. § 4B1.2(a). Fischer raised this issue for the first time during his *Ameline* remand proceeding. *See United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). He is barred from doing so by *United States v. Combs*, 470 F.3d 1294, 1297 (9th Cir. 2006) (holding *Ameline* remand procedures leave "no room for the district judge to consider new objections to the original sentence-objections defendant could have raised the first time around, but failed to do so").

■ Next, Fischer argues that the district court erred in rejecting his "entrapment by estoppel" defense to imposition of the enhancements under U.S.S.G. § 2K2.1(b)(1)(a) and § 2K2.1(b)(4).[1] We disagree. Fischer maintains that he was affirmatively misled by a local police officer into believing that, despite his felony convictions, he could lawfully possess firearms. To prevail on an entrapment by estoppel claim, a defendant must show that he was affirmatively misled by an authorized official and that he reasonably relied on those statements. *United States v. Hancock*, 231 F.3d 557, 567 (9th Cir.2000). There is no evidence in the record that

---

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because Fischer raised this argument in his prior appeal, and because the court did not address it in the remand order, it is not foreclosed by *Combs*. *See United States v. Fischer*, 155 Fed.Appx. 310 (9th Cir.2005).

shows the officer in question was an authorized representative of the federal government. Accordingly, Fischer fails to satisfy a key requirement of his estoppel defense.[2] *United States v. Brebner,* 951 F.2d 1017, 1027 (9th Cir.1991) ("[A] defendant is required to show reliance either on a federal government official empowered to render the claimed erroneous advice, or on an authorized agent of the federal government who, like licensed firearms dealers, has been granted the authority from the federal government to render such advice.").

**AFFIRMED.**

---

**2.** Although we have not explicitly decided whether entrapment by estoppel can bar imposition of an enhancement under the Sentencing Guidelines, for purposes of this disposition we assume that such a defense exists.

